MANDATE

14-2601-cv
*Sikhs for Justice Inc. v. Gandhi*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.**

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges.*

---

SIKHS FOR JUSTICE INC., on behalf of deceased and injured members of the Sikh community, JASBIR SINGH, individually and on behalf of deceased family members, MOHINDER SINGH, individually and on behalf of his deceased father Sardar Darsharn Singh,

*Plaintiffs-Appellants,*

v. No. 14-2601-cv

SONIA GANDHI, a national and citizen of India, President Indian National Congress a/k/a, "Congress (I),"

*Defendant-Appellee.*

---

**FOR PLAINTIFFS-APPELLANTS:** TEJINDER BAINS, Ali & Bains, P.C., Forest Hills, NY.

**FOR DEFENDANT-APPELLEE:** RAVI BATRA (Todd B. Sherman, *on the brief*), Law Firm of Ravi Batra, P.C., New York, NY.

MANDATE ISSUED ON 12/09/2015

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian Cogan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs, on behalf of themselves, various members of their families, and a putative class of victims of the 1984 anti-Sikh riots in India, appeal from the District Court's June 9, 2014 judgment granting defendant's motion to dismiss and dismissing plaintiffs' amended complaint, which alleged claims pursuant to the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"), and the Torture Victim Protection Act, 28 U.S.C. § 1350 note ("TVPA"). Defendant is described by plaintiffs as "President of [the] Indian National Congress, a political party which is currently ruling India (and was also ruling the country during November 1984)." A38. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "a court must accept as true all of the allegations contained in a complaint," this tenet "is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly dismissed plaintiffs' amended complaint, substantially for the reasons stated in the District Court's thorough and well-reasoned June 9, 2014 order. Namely, the District Court lacked subject-matter jurisdiction over plaintiffs' ATS claims because "all the relevant conduct took place outside the United States" in India. *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659, 1669 (2013); *see also Balintulo v. Ford Motor Co.*, No. 14-3589, --- F.3d ---, 2015 WL 4522646, at *3 (2d Cir. July 27, 2015) ("[T]he Supreme Court in *Kiobel* . . . made clear that claims under the ATS cannot be brought for violations of the law of nations occurring within the territory of a sovereign nation other than the United States."); *Balintulo v. Daimler AG*, 727 F.3d 174, 190 (2d Cir. 2013) ("[I]f all the relevant conduct occurred abroad, that is simply the end of the matter under *Kiobel*.").[1]

As to plaintiffs' TVPA claims, the District Court correctly held that plaintiff Sikhs for Justice Inc. does not have associational standing because it failed to adequately allege that it has any members who are eligible to bring a TVPA claim or that it possesses sufficient "indicia of

---

[1] Additionally, the statute of limitations may have run on plaintiffs' ATS claims. *See Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798–99 & n.13 (2d Cir. 2014) (noting that the Second Circuit has "not decided whether the TVPA's ten-year statute of limitations applies to . . . claims under the ATS," but that the Sixth, Ninth, Tenth, and Eleventh Circuits, as well as district courts within the Second Circuit, have concluded that it does). *See also* note 3, *post*.

membership" to sue on behalf of such persons. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 344 (1977). Moreover, plaintiffs seek monetary damages, and "[w]e know of no Supreme Court or federal court of appeals ruling that an association has standing to pursue damages claims on behalf of its members." *Bano v. Union Carbide Corp.*, 361 F.3d 696, 714 (2d Cir. 2004).[2]

As to the individual plaintiffs' TVPA claims, the District Court correctly concluded that the individual plaintiffs failed to adequately allege that they are the appointed "legal representative[s]" of the family members they purport to represent. 28 U.S.C. § 1350 note § 2(a)(2). To the extent the individual plaintiffs are bringing claims on their own behalf, the amended complaint conclusorily alleges that plaintiff Mohinder Singh was "attack[ed]" and "sustained severe physical and emotional harm," but provides no factual detail as to the nature or extent of his injuries. A39, 53. Likewise, the amended complaint conclusorily alleges that plaintiff Jasbir Singh was "tortured," but contains no factual detail as to the circumstances or nature of the torture. A52. Accordingly, plaintiffs failed to plausibly allege a claim for torture under the TVPA. *See* 28 U.S.C. § 1350 note § 3(b); *Iqbal*, 556 U.S. at 678–79.[3]

Moreover, plaintiffs failed to plausibly allege that defendant is liable for the anti-Sikh riots. At best, the amended complaint alleges that certain attacks were carried out on defendant's "orders," and that defendant was present at one of several meetings at which the riots were planned. A38, 48, 54. The amended complaint, however, is wholly devoid of any factual detail as to what orders defendant gave, to whom she gave them, and how they were carried out. *See Twombly*, 550 U.S. at 557 (requiring "allegations plausibly suggesting (not merely consistent with)" liability).

Lastly, to the extent plaintiffs allege that defendant aided and abetted TVPA violations by "shielding, protecting and rewarding" the perpetrators, A58, we need not "address whether the TVPA recognizes that theory of liability," *Chowdhury v. Worldtel Bangladesh Holding, Ltd.*, 746 F.3d 42, 53 n.10 (2d Cir. 2014), in light of the multiple alternative bases for dismissal discussed above. What is more, plaintiffs have not argued on appeal that the District Court erred in rejecting their putative aiding-and-abetting theory. Accordingly, that issue "may be considered abandoned." *Higazy v. Templeton*, 505 F.3d 161, 168 n.7 (2d Cir. 2007).

---

[2] The District Court determined that plaintiffs' "passing" request for a declaratory judgment "clearly refer[red] to plaintiffs' ATS claims, over which the Court lack[ed] subject matter jurisdiction," and not to their TVPA claims. *Sikhs for Justice v. Gandhi*, No. 13-CV-4920 (BMC), 2014 WL 2573487, at *3 (E.D.N.Y. June 9, 2014). Plaintiffs appear to have conceded this point on appeal—in their brief, they mention their "claim for a declaratory judgment that Defendant[']s[] conduct violated the law of nations under the ATS," but do not discuss any claim for a declaratory judgment that defendant's conduct violated the TVPA. Pls.' Br. 18.

[3] The District Court also correctly concluded that plaintiff Jasbir Singh's claims of torture, which occurred at some unspecified time between 1984 and 2002, are time-barred by the TVPA's 10-year statute of limitations. *See* 28 U.S.C. § 1350 note § 2(c).

## CONCLUSION

We have considered all of the arguments raised by plaintiffs on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's June 9, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit